IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | | |
|---|---|---|
| VISTA VIEW LLC, <br> CAPITAL HEIGHTS LLC, <br> SOUTHMOOR LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMTAX HOLDINGS 412, LLC, <br> AMTAX HOLDINGS 523, LLC, <br> AMTAX HOLDINGS 162, LLC, <br> TAX CREDIT HOLDINGS I, LLC, <br> TCH II PLEDGE POOL, LLC, and <br> ALDEN PACIFIC ASSET <br> MANAGEMENT, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No: 2:15-cv-15075 <br><br><br><br> Jury demanded |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**NOW COME** Plaintiffs, Vista View LLC, Capital Heights LLC, and Southmoor LLC, by their undersigned attorneys and for their Complaint against Defendants Amtax Holdings 412, LLC, Amtax Holdings 523, LLC, Amtax Holdings 162, LLC, Tax Credit Holdings I, LLC, TCH II Pledge Pool, LLC, and Alden Pacific Asset Management, LLC, state as follows:

*Vista View*

1. Vista View LLC is a Limited Liability Company organized and having its principal place of business in West Virginia. It is the General Partner of Vista View Apartments LP, a West Virginia limited partnership. Vista View Apartments LP owns a 333 unit multi-family rental housing development in the City of Charleston, West Virginia.

1

2. Amtax Holdings 412, LLC, is a Limited Liability Company organized and having its principal place of business in Ohio. It is the Investor Limited Partner of Vista View Apartments LP.

3. Tax Credit Holdings I, LLC, is a Limited Liability Company organized and having its principal place of business in Delaware. It is the Special Limited Partner of Vista View Apartments LP.

4. Alden Pacific Asset Management, LLC, is a Limited Liability Company organized in Delaware and having its principal place of business in Colorado. It holds itself out as the authorized representative of both Amtax Holdings 412, LLC, and Tax Credit Holdings I, LLC.

*Capital Heights*

5. Capital Heights LLC is a Limited Liability Company organized and having its principal place of business in West Virginia. It is the General Partner of Capital Heights Townhomes LP, a West Virginia limited partnership. Capital Heights Townhomes LP owns a 110 unit multi-family rental housing development in Martinsburg, West Virginia.

6. Amtax Holdings 523, LLC is a Limited Liability Company organized and having its principal place of business in Ohio. It is the Investor Limited Partner of Capital Heights Townhomes LP.

7. Tax Credit Holdings I, LLC is a Limited Liability Company organized and having its principal place of business in Delaware. It is the Special Limited Partner of Capital Heights Townhomes LP.

8. Alden Pacific Management, LLC, is a Limited Liability Company organized in Delaware and having its principal place of business in Colorado. It holds itself out as the authorized representative of both Amtax Holdings 523, LLC, and Tax Credit Holdings I, LLC.

*Southmoor Hills*

9. Southmoor LLC is a Limited Liability Company organized and having its principal place of business in West Virginia. It is the General Partner of Southmoor Hills Apartments LP, a West Virginia limited partnership. Southmoor Hills Apartments LP owns a 248 unit multi-family rental housing development in South Charleston, West Virginia.

10. Amtax Holdings 162, LLC, is a Limited Liability Company organized and having its principal place of business in Ohio. It is the Investor Limited Partner of Southmoor Hills Apartments LP.

11. TCH II Pledge Pool, LLC, is a Limited Liability Company organized and having its principal place of business in Delaware. It is the Special Limited Partner of Southmoor Hills Apartments LP.

12. Alden Pacific Management, LLC, is a Limited Liability Company organized in Delaware and having its principal place of business in Colorado. It holds itself out as the authorized representative of both Amtax Holdings 162, LLC, and TCH II Pledge Pool, LLC.

*Historical background*

13. Vista View Apartments LP was formed in 2004. Since its inception, the General Partner has been Vista View LLC. Also since its inception, the property has been managed by a property management company, FMG Property Management LLC, which is affiliated with the General Partner. Affiliates of the General Partner have advanced to the partnership, or are otherwise owed by the partnership, more than $6.5 million.

14. Since its inception, Vista View Apartments LP has retained an accounting firm to audit the books and records of the partnership. Each year since its inception an independent auditor has prepared reports which include a balance sheet, statements of operations, statements of partners' equity, cash flows statements, and footnotes describing all related-party transactions. These audited financial statements were provided to the Investor Limited Partner and Special Limited Partner each year.

15. Capital Heights Townhomes LP was formed in 2003. Since its inception, the General Partner has been Capital Heights LLC. Also since its inception, the property has been managed by a property management company, FMG Property Management LLC, which is affiliated with the General Partner.

16. Since its inception, Capital Heights Townhomes LP has retained an accounting firm to audit the books and records of the partnership. Each year since its inception an independent auditor has prepared reports which include a balance sheet, statements of operations, statements of partners' equity, cash flows statements and footnotes describing all related-party transactions. These audited financial statements were provided to the Investor Limited Partner and Special Limited Partner each year.

17. Southmoor Hills Apartments LP was formed in 2002. Since its inception, the General Partner has been Southmoor LLC. The property was originally managed by an unrelated property management company. Since about April 2003, the property has been managed by a property management company, Ten South Management Company, LLC, which is affiliated with the General Partner. Affiliates of the General Partner have advanced to the partnership, or are otherwise owed by the partnership, more than $900,000.

18. Since its inception, Southmoor Hills Apartments LP has retained an accounting firm to audit the books and records of the partnership. Each year since its inception an independent auditor has prepared reports which include a balance sheet, statements of operations, statements of partners' equity, cash flows statements and footnotes describing all related-party transactions. These audited financial statements were provided to the Investor Limited Partner and Special Limited Partner each year.

*Recent events*

19. On information and belief, a controlling interest in the Investor Limited Partner and the Special Limited Partner in each of the limited partnerships described above has changed over the years. Also on information and belief, in April 2015 an affiliate of Alden Pacific Asset Management, LLC, HCP Pacific Asset Management, LLC, acquired a controlling interest in the Investor Limited Partner and the Special Limited Partner in each of the limited partnerships described above. Alden Pacific Asset Management, LLC, has described itself as a successor to HCP Pacific Asset Management, LLC.

20. On March 30, 2015, and May 18, 2015, HCP Pacific Management, LLC, sent letters to each of the Plaintiffs asserting that Plaintiffs had committed certain defaults under the limited partnership agreements.

21. This was the first time that any of the Investor Limited Partners or Special Limited Partners in any of the limited partnerships asserted that Plaintiffs had committed any acts that constituted a default of their obligations as General Partners.

22. Plaintiffs denied and continue to deny that they have committed any acts of default.

23. The dispute in March 2015 involved accounting issues dating back to 2007. These issues would not have arisen had the Limited Partners voiced any concerns when they received the audits as they were prepared each year, and these issues would not have arisen had the Limited Partners submitted timely bills for the amounts they asserted in March 2015 they were owed for prior years. Nevertheless, an affiliate of the General Partners agreed to pay certain sums to the Limited Partners in an effort to resolve the disputes and did so in April 2015.

24. Following receipt of those funds, the Limited Partners asserted that the alleged defaults were not cured, because the payments did not include interest. Contrary to that assertion of the Limited Partners, no interest was owed to them or provided for under the Partnership Agreements pertaining to each property and partnership. The Limited Partners also asserted through their representative that the Limited Partners had the right to demand that the General Partners remove the management agents on each of the properties.

25. Counsel for the General Partners wrote to counsel for the representative of the Limited Partners on May 21, 2015, explaining that no event of default had occurred, and explaining that the Limited Partners had no right to direct who the management agents of the properties were to be.

26. The Limited Partners did not respond to that letter.

27. On September 22, 2015, Martin Bershtein, who identified himself as Director of Tax Credits for an entity called Capreit, contacted the West Virginia Housing Development Fund and announced that "Capreit is going to be taking over the general partnership interest and property management on 2 deals: Vista View in Charleston and Capital Heights in Martinsburg."

28. On October 1, 2015, counsel for Alden Pacific Asset Management, LLC, sent a letter to each of the Plaintiffs identifying Alden Pacific Asset Management, LLC, as the

authorized representative of the Limited Partners of each of the limited partnerships described above.

29. In each of those letters, Alden Pacific Asset Management, LLC, asserts that Plaintiffs are in default of their obligations as General Partners in each of the limited partnerships and offered "one final opportunity" to cure the alleged defaults. The letters further state that the Limited Partners demand that Plaintiffs agree to several conditions in order for the Limited Partners "to permit" Plaintiffs to continue serving as the General Partners of the limited partnerships.

30. The Limited Partners have asserted that that General Partners have breached their obligations by allowing the partnerships to pay to the management agents bookkeeping fees and related fees. To the contrary, those fees are reasonable and necessary and it is within the General Partner's express authority set forth within the respective partnership agreements to authorize those services and the payment for those services.

31. Such fees have been paid on Vista View and Capital Heights since 2007, and have been fully disclosed in the audited financial statements every year since then. At Southmoor, such fees were paid to the initial management company beginning in 2001. That management company was expressly approved by the Limited Partners and had no affiliation with the General Partner. Again, the audited financial statements fully disclosed such fees each year.

32. The first time any Limited Partner voiced any objection to bookkeeping fees and related fees was in 2015.

33. One of the conditions set forth in the October 1, 2015, letters is that the General Partners remove the management agents on each property pursuant to Section 8.18 of the limited partnership agreements for Vista View and Capital Heights.

34. Section 8.18 of those limited partnership agreements does not permit the Limited Partners to demand that the General Partners remove the management agents unless there is good cause for doing so. There is no good cause and/or reason why the General Partners would terminate the management agents at any of the properties.

35. There is also no good cause and/or reason for the Limited Partners to demand that the General Partners remove the management agents at any of the properties. After payment of project expenses, the cash flow for each property is distributed entirely to the General Partners and its affiliates to the extent they have advanced money to the partnership, and then 80% or more of any remaining cash flow belongs to the General Partners. Because the General Partners have advanced millions of dollars to these partnerships, the General Partners have by far the greatest economic interest in the management of the partnerships. As to Vista View alone, affiliates of the General Partner have advanced or are otherwise entitled to recover more than $6 million for that partnership.

36. Moreover, given the September 22, 2015 email of Martin Bershtein advising West Virginia Housing Development Fund that Capreit was taking over as both General Partner and property management of Vista View and Capital Heights, it is clear that the October 1, 2015 letter from counsel for Defendants providing Plaintiffs "one final opportunity" to remain General Partner was a purposeful effort to commit fraud. Defendants had, and have, no intention of allowing the General Partner to continue to serve in that role without objection and are willing to create any number of fictitious reasons to attempt to wrongfully remove Plaintiffs from that role. Thus, Plaintiffs have no choice but to seek this Court's assistance in exercising its rights to stay in that role as General Partners on their respective projects free of Defendants' harassment, unlawful interference and attempted fraud.

37. Moreover, the September 22, 2015 email of Martin Bershtein to the West Virginia Housing Development Fund has caused irreparable harm to Plaintiffs' goodwill, reputations and investments, because Plaintiffs' affiliates are in the process of researching and making other investments in West Virginia affordable housing and will be seeking additional credits in connection with current and future investments in West Virginia and are dependent on having a good relationship with the West Virginia Housing Development Fund and other similar related entities.

*Declaratory relief*

38. Plaintiffs are not and have not been in default of any of their obligations as General Partners in the limited partnerships.

39. Defendants have waived any objections to any action taken or action not taken by Plaintiffs by failing to object to those actions or that inaction for more than ten years.

40. Defendants are estopped from asserting that any action taken or action not taken by Plaintiffs constitutes an event of default by failing to object to those actions or that inaction for more than ten years.

41. Defendants have no right to demand that Plaintiffs be replaced as General Partners of the Partnerships.

42. Defendants have no right to demand that Plaintiffs replace the management agents on any of the properties.

43. Defendants have no right to manage the partnerships, including but not limited to causing a management company to contact the West Virginia Housing Development Fund.

*Injunctive relief*

44. Defendants' actions in causing a management company to contact the West Virginia Housing Development Fund and to announce that it is replacing the management agents on the Vista View and Capital Heights properties has caused irreparable harm to Plaintiffs' relationship with that entity and will continue to cause irreparable harm unless Defendants are enjoined from interfering with the management of the partnerships and the management of the properties.

*Jurisdiction and venue*

45. This Court has jurisdiction over each of these claims pursuant to 28 U.S.C. § 1332, as the amount in controversy far exceeds $75,000 as to each property/partnership and on the whole for all three properties/partnerships, exclusive of interest and costs, and is between citizens of different states. Each of the Plaintiffs is a limited liability company organized and having its principal place of business in West Virginia, and each member of each Plaintiff is a citizen of the State of Illinois. Each Defendant also is a limited liability company organized and having its principal place of business in a State other than West Virginia, and upon information and belief, each member of each Defendant is a citizen of a state other than West Virginia or Illinois.

46. On the Southmoor project, affiliates of the General Partner have advanced to, or are otherwise owed by, the Partnership in excess of $900,000. On the Vista View project, affiliates of the General Partner have advanced to, or are otherwise owed by, the Partnership in excess of $6.5 million. If the relief sought herein is not granted, the recovery of those amounts would be placed in significant jeopardy. In addition, the Limited Partners have asserted that they are entitled to remove the General Partners on each of the properties. The interests of the General

Partners are worth millions of dollars on each of the three properties at issue, and those interests have also been placed in significant jeopardy.

47. This Court has the authority to render the declaratory judgment requested in accordance with 28 U.S.C. § 2201 and Plaintiffs are entitled to the declaratory judgment sought herein.

48. Venue is appropriate in this Court, because a substantial part of the properties at issue and governed by the limited partnership agreements at issue are situated within this Court's geographic area of coverage, as Vista View Apartments are located in Charleston, Kanawha County, West Virginia and Southmoor Apartments are located in South Charleston, Kanawha County, West Virginia.

*Conclusion*

For these reasons, Plaintiffs respectfully request that this Court enter judgment in their favor and against each of the Defendants by: (1) declaring that Plaintiffs are not in default of any of their obligations to the partnerships or to the limited partners; (2) declaring that Defendants have no right to cause Plaintiffs to be removed as General Partners; (3) declaring that Plaintiffs are not obligated to replace the management agents on any of the properties; (4) enjoining Defendants from communicating, directly or indirectly, with any third party, including but not limited to the West Virginia Housing Development Fund, concerning the management of the limited partnerships or the properties they own; (5) awarding Plaintiffs their costs and attorney's fees incurred in this action; and (6) providing any other relief the Court deems just and proper.

**VISTA VIEW LLC,
CAPITAL HEIGHTS LLC, and
SOUTHMOOR LLC,**

By counsel:

/s/ David J. Mincer_____
David J. Mincer (WV Bar # 7486)
**BAILEY & WYANT, PLLC**
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia  25337-3710
Telephone: (304) 345-4222
Facsimile: (304) 343-3133
Email: dmincer@baileywyant.com

and

Peter M. King (IL Bar#6183270)(*Pro Hac Vice Application to be Filed*)
William H. Jones (IL Bar#6201398)(*Pro Hac Vice Application to be Filed*)
Michael E. Crane (IL Bar#6312595)(*Pro Hac Vice Application to be Filed*)
**CANEL, KING & JONES**
70 West Madison Street, Suite 3970
Chicago, Illinois 60602
Telephone: 312-372-4142
Facsimile: 312-372-6737
Email: pking@kingjoneslaw.com
        wjones@kingjoneslaw.com
        mcrane@kingjoneslaw.com