IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| VISTA VIEW LLC,<br>CAPITAL HEIGHTS LLC,<br>SOUTHMOOR LLC, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) CASE NO: 2:15-cv-15075 |
| AMTAX HOLDINGS 412, LLC,<br>AMTAX HOLDINGS 523, LLC,<br>AMTAX HOLDINGS 162, LLC,<br>TAX CREDIT HOLDINGS I, LLC,<br>TCH II PLEDGE POOL, LLC, and<br>ALDEN PACIFIC ASSET<br>MANAGEMENT, LLC, | )<br>)<br>) HON. JOHN COPENHAVER<br>)<br>)<br>) JURY DEMANDED<br>) |
| Defendants. | ) |

**COUNTER-DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DIMISS FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Counter-Defendant, Scott I. Canel, through his undersigned attorneys, and pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), in support of his Motion to Dismiss, states as follows:

**I.      Statement of Facts**

Plaintiffs, Vista View LLC, Capital Heights LLC and Southmoor LLC, filed a Complaint for Declaratory and Injunctive Relief against Defendants Amtax Holdings 412, LLC, Amtax Holdings 523, LLC, Amtax Holdings 162, LLC, Tax Credit Holdings I, LLC, TCH II Pledge Pool, LLC, and Alden Pacific Asset Management, LLC, seeking, among other remedies, declaratory and injunctive relief to prevent Defendants from unjustly and wrongfully removing Plaintiffs as General Partners from the Plaintiffs and Defendants' partnerships. (Dkt. No. 1,

1

Complaint for Declaratory and Injunctive Relief). In response, Defendants filed a counterclaim against Plaintiffs and also three new parties[1], Ten South Management Company LLC ("Ten South"), FMG Property Management LLC ("FMG") and Scott I. Canel ("Canel"). (Dkt. No. 21, Answer, Affirmative Defenses, and Counterclaims, pp. 11-12, ¶¶ 1-6). Defendants allege in the counterclaim that Canel is the manager of Southmoor LLC, Vista View LLC, and Capital Heights LLC, ("Canel Entities"), and Ten South and FMG. (Dkt. No. 21, pp. 11-12, ¶¶ 3-4). The only count of the counterclaim asserted against Canel is Count IV, in which Defendants allege that Canel, Ten South and FMG have caused the Canel Entities to breach the partnership agreement between Plaintiffs and Defendants, and are therefore liable for tortious interference with contract. (Dkt. No. 21, p. 31, ¶ 88).

The allegations against Canel are insufficient to state a claim for relief against Canel individually for tortious interference with contract under West Virginia law. Thus, this Court should dismiss, with prejudice, Canel from Count IV of the counterclaim.

**II. Defendants have failed to state a claim upon which relief can be granted.**

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) tests whether a complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief." *Frisbie v. Rite Aid Corp.*, 2014 WL 1761951, *2 (S.D.W. Va.). While the court must accept as true all factual allegations contained in a complaint under the Rule 12(b)(6) analysis, "statements of bare legal conclusion are not entitled to the assumption of truth and are insufficient to state a claim." *Id.* (internal citations omitted). It is insufficient to simply recite the elements of a cause of action that are supported by mere conclusory statements because courts

---

[1] Defendants have also failed to effectuate proper service of the Counterclaim on Ten South, FMG and Canel. Rather than file a motion to dismiss based on Federal Rule of Civil Procedure Rule 12(b)(5), Ten South, FMG and Canel waive Defendants' insufficient service of process and substantively address Defendants' baseless claims.

2

"are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal citations omitted). Under West Virginia law, "[i]t is impossible for one party to a contract to maintain against the other party to the contract a claim for tortious interference with the parties' own contract." *Frisbie*, 2014 WL 1761951, *5, quoting *Shrewsberry v. Nat'l Grange Mut. Ins. Co.*, 395 S.E.2d 745, 747 (W. Va. 1990). Parties to a contract have agreed to be bound by the contract and "may not thereafter use a tort action to punish the other party for actions that are within its rights under the contract." *Shrewsberry,* 395 S.E.2d at 747. West Virginia law is clear that "in order for a party to be held liable for intentional interference with a contractual relationship, the party must be someone outside the contractual relationship." *Hatfield v. Health Mgmt. Assocs. of W. Va.*, 672 S.E.2d 395, 403 (W. Va. 2008).

In *Hatfield*, a plaintiff's employment contract with a hospital was terminated after three days. *Id.* at 400. The plaintiff sued the hospital and the two hospital employees responsible for terminating her employment, alleging that the defendant employees tortiously interfered with the employment contract. *Id.* The court held that the hospital employees could not be liable for tortiously interfering with the plaintiff's contract. *Id.* at 403. There was no evidence that the defendant employees acted outside the scope of their employment when they terminated the plaintiff's employment. *Id.* Because they did not act outside the scope of their employment, the defendant employees acted as agents of the hospital and on the hospital's behalf when they terminated the plaintiff's employment. *Id.* As agents for the hospital, "it was impossible for them to have tortiously interfered with the hospital's contract." *Id.* West Virginia law is clear that in order to be liable for intentional interference with a contractual relationship, a party must be outside of the contractual relationship. *Id.*

Likewise, Defendants have failed to plead sufficient facts to hold Canel individually liable for tortious interference with the contract between Defendants and the Canel Entities. Defendants allege that Canel is the manager of the Canel Entities. They have not alleged, nor are there any facts to support a claim that Canel acted outside the scope of his employment with the Canel Entities. Thus, as an agent of the Canel Entities acting within the scope of his employment, it is impossible for him to tortiously interfere with the contract between the Canel Entities and Defendants.

### III.	Conclusion

For the reasons stated, Counter-Defendant, Scott I. Canel, respectfully requests this Honorable Court to enter an order granting his motion pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) dismissing him from Defendants' counterclaim with prejudice and for any other relief this Court deems just.

Respectfully submitted,

**/s/ David J. Mincer**
David J. Mincer (WV Bar # 7486)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
Telephone: (304) 345-4222
Facsimile: (304) 343-3133
Email: dmincer@baileywyant.com

— and —

Peter M. King (IL Bar#6183270)
William H. Jones (IL Bar#6201398)
Michael E. Crane (IL Bat#6312595)
CANEL, KING & JONES
Three First National Plaza
70 W. Madison Street, Suite 3970

Chicago, Illinois 60602
Telephone: (312) 372-4142
Facsimile: (312) 372-6737
Email: pking@kingjoneslaw.com
Email: wjones@kingjoneslaw.com
Email: mcrane@kingjoneslaw.com
**ATTORNEYS FOR COUNTER-DEFENDANT**