## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| AMTAX HOLDINGS 204, LLC, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:15-cv-00723-WOB |
| | ) | c/w 1:16-cv-00973-WOB |
| SCOTT I. CANEL, ET AL., | ) | (Reference to 1:16-cv-00973-WOB) |
| | ) | |
| Entities. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO THE CANEL ENTITIES' FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come AMTAX Holdings 412, LLC, AMTAX Holdings, 523, LLC, AMTAX Holdings 162, LLC, Tax Credit Holdings I, LLC, and TCH II Pledge Pool, LLC (collectively, the "AMTAX Entities"), and, with a full reservation of rights, respectfully respond to the First Amended Complaint filed by Vista View LLC, Capital Heights LLC, and Southmoor LLC (collectively, the "Canel Entities") (Doc. No. 83) (the "Amended Complaint"), and assert the following affirmative defenses. All allegations not expressly admitted or denied are hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Canel Entities fail to state a cause or right of action against the AMTAX Entities.

## SECOND DEFENSE

The Canel Entities' claims are barred by their own intentional, reckless, and/or negligent misconduct, and/or quasi-offenses.

## THIRD DEFENSE

The Canel Entities' claims are barred by their own contractual breaches, defaults, and/or non-performance.

## FOURTH DEFENSE

The Canel Entities have not sustained any legally cognizable damages on the premises of their Amended Complaint.

## FIFTH DEFENSE

The Canel Entities' claims are barred under the unclean hands doctrine and/or principles of estoppel, waiver, and/or laches.

## SIXTH DEFENSE

The Canel Entities' claims are barred by the parole evidence rule and/or applicable statutes of fraud.

## SEVENTH DEFENSE

The AMTAX Entities specifically plead the contents, terms, and conditions of all contracts and agreements governing the operations of Vista View Apartments, L.P., Capital Heights Townhomes, L.P., and Southmoor Hills Apartments, L.P., including without limitation, the Amended and Restated Agreements of Limited Partnership, as amended, governing these "Partnerships," the terms and conditions of which the AMTAX Entities have fully satisfied.

## EIGHTH DEFENSE

The AMTAX Entities have acted at all times on an informed basis, in good faith, and in the honest belief that the action taken was in the best interest of the Partnerships.

### NINTH DEFENSE

The Canel Entities are not entitled to any award of actual damages, interest, or attorney's fees or costs against the AMTAX Entities.

### TENTH DEFENSE

The Canel Entities' claims are barred in whole or in part by their failure to mitigate damages, if any.

### ELEVENTH DEFENSE

The AMTAX Entities specifically reserve the right to file and assert any and all additional affirmative defenses that may subsequently come to their attention upon obtaining knowledge and/or information to justify a belief therein.

### ANSWER

AND NOW, further answering the separately enumerated paragraphs in the Amended Complaint, the AMTAX Entities further respond that:

1.

The allegations in Paragraph 1 of the Amended Complaint are not directed at and do not require a response from the AMTAX Entities. In an abundance of caution, to the extent a response is required, the allegations in Paragraph 1 are denied except to admit that Vista View Apartments, L.P. is a limited partnership that owns and operates a multi-family housing development for low income families in Charleston, West Virginia and its General Partner is Vista View LLC. All other allegations in Paragraph 1 are denied.

2.

The allegations in Paragraph 2 of the Amended Complaint are admitted insofar as AMTAX Holdings 412, LLC is an Ohio limited liability company and is the Investor Limited Partner of Vista View Apartments, L.P.

3.

The allegations in Paragraph 3 of the Amended Complaint are admitted insofar as Tax Credit Holdings I, LLC is a Delaware limited liability company and is the Special Limited Partner of Vista View Apartments, L.P.

4.

The allegations in Paragraph 4 of the Amended Complaint are admitted only insofar as Alden Pacific Asset Management, LLC is a limited liability company and the agent and authorized representative of the AMTAX Entities. All other allegations in Paragraph 4 are denied.

5.

The allegations in Paragraph 5 of the Amended Complaint are denied.

6.

The allegations in Paragraph 6 of the Amended Complaint are not directed at and do not require a response from the AMTAX Entities. In an abundance of caution, to the extent a response is required, the allegations in Paragraph 6 are denied except to admit that Capital Heights Townhomes L.P. is a limited partnership that owns and operates a multi-family housing development for low income families in Martinsburg, West Virginia and its General Partner is Capital Heights LLC. All other allegations in Paragraph 6 are denied.

7.

The allegations in Paragraph 7 of the Amended Complaint are admitted insofar as AMTAX Holdings 523, LLC is an Ohio limited liability company and is the Investor Limited Partner of Capital Heights Townhomes, L.P.

8.

The allegations in Paragraph 8 of the Amended Complaint are admitted insofar as Tax Credit Holdings I, LLC is an Ohio limited liability company and is the Special Limited Partner of Capital Heights Townhomes, L.P.

9.

The allegations in Paragraph 9 of the Amended Complaint are admitted only insofar as Alden Pacific Asset Management, LLC is a limited liability company and the agent and authorized representative of the AMTAX Entities. All other allegations in Paragraph 9 are denied.

10.

The allegations in Paragraph 10 of the Amended Complaint are denied.

11.

The allegations in Paragraph 11 of the Amended Complaint are not directed at and do not require a response from the AMTAX Entities. In an abundance of caution, to the extent a response is required, the allegations in Paragraph 11 are denied except to admit that Southmoor Hills Apartments, L.P. is a limited partnership that owns and operates a multi-family housing development for low income families in Charleston, West Virginia. All other allegations in Paragraph 11 are denied.

12.

The allegations in Paragraph 12 of the Amended Complaint are admitted insofar as AMTAX Holdings 162, LLC is an Ohio limited liability company and the Investor Limited Partner of Southmoor Hills Apartments L.P.

13.

The allegations in Paragraph 13 of the Amended Complaint are admitted insofar as TCH II Pledge Pool, LLC is a Delaware limited liability company and the Special Limited Partner of Southmoor Hills Apartments, L.P.

14.

The allegations in Paragraph 14 of the Amended Complaint are admitted only insofar as Alden Pacific Asset Management, LLC is a limited liability company and the agent and authorized representative of the AMTAX Entities. All other allegations in Paragraph 14 are denied.

15.

The allegations in Paragraph 15 of the Amended Complaint are admitted only insofar as Alden Torch Financial, LLC has an interest in the Limited Partners of Southmoor Hills Apartments, L.P. All other allegations in Paragraph 15 are denied.

16.

The allegations in Paragraph 16 of the Amended Complaint are admitted only insofar as Vista View Apartments, L.P. was formed in or around 2004, and FMG Property Management, LLC ("FMG"), an affiliate of the General Partner, is the Management Agent of the Partnership. All other allegations in Paragraph 16 are strictly denied.

17.

The allegations in Paragraph 17 of the Amended Complaint refer to documents that are the best evidence of their own contents, terms, and conditions. All other allegations in Paragraph 17 are denied.

18.

The allegations in Paragraph 18 of the Amended Complaint are admitted only insofar as Capital Heights Townhomes, L.P. was formed in or around 2003, and an affiliate of the General Partner is the Management Agent of the Partnership. All other allegations in Paragraph 18 are strictly denied.

19.

The allegations in Paragraph 19 of the Amended Complaint refer to documents that are the best evidence of their own contents, terms, and conditions. All other allegations in Paragraph 19 are denied.

20.

The allegations in Paragraph 20 of the Amended Complaint are admitted only insofar as Southmoor Hills Apartments, L.P. was formed in or around 2002, and an affiliate of the General Partner is the Management Agent of the Partnership. All other allegations in Paragraph 20 are strictly denied.

21.

The allegations in Paragraph 21 of the Amended Complaint refer to documents that are the best evidence of their own contents, terms, and conditions. All other allegations in Paragraph 21 are denied.

22.

The allegations in Paragraph 22 of the Amended Complaint are admitted only insofar as Alden Torch Financial, LLC has an interest in the Limited Partners of Southmoor Hills Apartments, L.P. All other allegations in Paragraph 22 are denied.

23.

The allegations in Paragraph 23 of the Amended Complaint refer to documents that are the best evidence of their own contents, terms, and conditions. All other allegations in Paragraph 23 are denied.

24.

The allegations in Paragraph 24 of the Amended Complaint are denied.

25.

The allegations in Paragraph 25 of the Amended Complaint are admitted insofar as the Canel Entities deny having committed defaults under the partnership agreements.

26.

The allegations in Paragraph 26 of the Amended Complaint are denied.

27.

The allegations in Paragraph 27 of the Amended Complaint are denied.

28.

The allegations in Paragraph 28 of the Amended Complaint refer to a document that is the best evidence of its own contents, terms, and conditions. All other allegations in Paragraph 28 are denied.

29.

The allegations in Paragraph 29 of the Amended Complaint are denied.

30.

The allegations in Paragraph 30 of the Amended Complaint refer to a document that is the best evidence of its own terms, contents, and conditions. All other allegations in Paragraph 30 are denied.

31.

The allegations in Paragraph 31 of the Amended Complaint refer to documents that are the best evidence of their own terms, contents, and conditions. All other allegations in Paragraph 31 are denied.

32.

The allegations in Paragraph 32 of the Amended Complaint refer to documents that are the best evidence of their own terms, contents, and conditions. All other allegations in Paragraph 32 are denied.

33.

The allegations in Paragraph 33 of the Amended Complaint are denied.

34.

The allegations in Paragraph 34 of the Amended Complaint are denied.

35.

The allegations in Paragraph 35 of the Amended Complaint are denied.

36.

The allegations in Paragraph 36 of the Amended Complaint refer to documents that are the best evidence of their own terms, contents, and conditions. All other allegations in Paragraph 36 are denied.

37.

The allegations in Paragraph 37 of the Amended Complaint refer to documents that are the best evidence of their own terms, contents, and conditions. All other allegations in Paragraph 37 are denied.

38.

The allegations in Paragraph 38 of the Amended Complaint are denied.

39.

The allegations in Paragraph 39 of the Amended Complaint are denied.

40.

The allegations in Paragraph 40 of the Amended Complaint are denied.

41.

The allegations in Paragraph 41 of the Amended Complaint are denied.

42.

The allegations in Paragraph 42 of the Amended Complaint are admitted insofar as Civ. Action No. 1:15-cv-00723-WOB involves additional limited partnerships in which Scott Canel-controlled entities serve as General Partners, and Scott Canel and/or his Family Trust own and control the General Partners named in this suit and the consolidated Ohio case. All other allegations in Paragraph 42 are denied.

43.

The allegations in Paragraph 43 of the Amended Complaint are admitted as substantially correct, and the AMTAX Entities further aver that these consolidated cases arise from and involve Mr. Canel's improper shuffling of funds among and between all seven named partnerships as well as other Scott Canel-controlled entities.

44.

The allegations in Paragraph 44 of the Amended Complaint refer to documents that are the best evidence of their own terms, contents, and conditions. All other allegations in Paragraph 44 are denied.

45.

The allegations in Paragraph 45 of the Amended Complaint are denied.

46.

The allegations in Paragraph 46 of the Amended Complaint are denied.

47.

The allegations in Paragraph 47 of the Amended Complaint do not require a response from the AMTAX Entities. In an abundance of caution, to the extent a response is required, the allegations in Paragraph 47 are denied except to admit that the Court has jurisdiction over this matter.

48.

The allegations in Paragraph 48 of the Amended Complaint are denied.

49.

The allegations in Paragraph 49 of the Amended Complaint call for a legal conclusion and thus do not require a response from the AMTAX Entities. In an abundance of caution, to the extent a response from the AMTAX Entities is required, the allegations in Paragraph 49 are denied, and the AMTAX Entities deny that the Canel Entities are entitled to a declaratory judgment as sought in their Amended Complaint.

50.

The allegations in Paragraph 50 of the Amended Complaint are denied, but the AMTAX Entities aver that venue is proper in this Court pursuant to the transfer of this case from the Southern District of West Virginia (*see* Doc. No. 86).

51.

The allegations in Paragraph 51 of the Amended Complaint do not require a response from the AMTAX Entities. In an abundance of caution, to the extent a response is required, the allegations in Paragraph 51 are denied.

52.

The allegations in Paragraph 52 of the Amended Complaint refer to documents that are the best evidence of their own terms, contents, and conditions. All other allegations in Paragraph 52 are denied.

53.

The allegations in Paragraph 53 of the Amended Complaint refer to documents that are the best evidence of their own terms, contents, and conditions. All other allegations in Paragraph 53 are denied.

54.

The allegations in Paragraph 54 of the Amended Complaint refer to documents that are the best evidence of their own terms, contents, and conditions. All other allegations in Paragraph 54 are denied.

55.

The allegations in Paragraph 55 of the Amended Complaint are denied.

56.

The allegations in Paragraph 56 of the Amended Complaint are denied.

57.

The allegations in Paragraph 57 of the Amended Complaint do not require a response from the AMTAX Entities. In an abundance of caution, to the extent a response is required, the allegations in Paragraph 57 are denied.

58.

The allegations in Paragraph 58 of the Amended Complaint are denied.

59.

The allegations in Paragraph 59 of the Amended Complaint are denied.

60.

The allegations in Paragraph 60 of the Amended Complaint are denied.

61.

The allegations in Paragraph 61 of the Amended Complaint are denied.

62.

The allegations in Paragraph 62 of the Amended Complaint are denied.

63.

The allegations in Paragraph 63 of the Amended Complaint do not require a response from the AMTAX Entities. In an abundance of caution, to the extent a response is required, the allegations in Paragraph 63 are denied.

64.

The allegations in Paragraph 64 of the Amended Complaint are denied.

65.

The allegations in Paragraph 65 of the Amended Complaint are denied.

66.

The allegations in Paragraph 66 of the Amended Complaint are denied.

67.

The allegations in Paragraph 67 of the Amended Complaint do not require a response from the AMTAX Entities. In an abundance of caution, to the extent a response is required, the allegations in Paragraph 67 are denied.

68.

The allegations in Paragraph 68 of the Amended Complaint are denied.

69.

The allegations in Paragraph 69 of the Amended Complaint are denied.

70.

The allegations in Paragraph 70 of the Amended Complaint are denied.

71.

The allegations in Paragraph 71 of the Amended Complaint are denied.

72.

The allegations in Paragraph 72 of the Amended Complaint are denied.

73.

The allegations in Paragraph 73 of the Amended Complaint are denied.

74.

The allegations in Paragraph 74 of the Amended Complaint are denied.

75.

The allegations contained in the unnumbered final paragraph of the Amended Complaint, including subparts (1) through (8), do not require a response. However, in an abundance of caution, to the extent a response is required, the allegations in this paragraph, including subparts (1) through (8), are denied.

Respectfully submitted,

By:     */s/ Steven F. Griffith, Jr.*
    STEVEN F. GRIFFITH, JR., T.A. (La. 27232)
      *(Admitted Pro Hac Vice)*
    LAURA E. CARLISLE (La. 33760)
      *(Admitted Pro Hac Vice)*
    **BAKER DONELSON BEARMAN**
    **CALDWELL & BERKOWITZ, PC**
    201 St. Charles Avenue, Suite 3600
    New Orleans, Louisiana 70170
    Telephone: (504) 566-5200
    Facsimile: (504) 636-4000
    Email: sgriffith@bakerdonelson.com
    Email: lcarlisle@bakerdonelson.com

    *– and –*

    W. PATTON HAHN (Ala. #HAH002)
      *(Admitted Pro Hac Vice)*
    **BAKER DONELSON BEARMAN**
    **CALDWELL & BERKOWITZ, PC**
    420 Twentieth Street North
    Wells Fargo Tower, Suite 1600
    Birmingham, Alabama 35203
    Telephone: (205) 328-0480
    Facsimile: (205) 322-8007
    Email: phahn@bakerdonelson.com

    *– and –*

    ROBERT M. ZIMMERMAN (0079584)
    JOSEPH E. GREINER (0090525)
    **DINSMORE & SHOHL LLP**
    255 East Fifth Street, Suite 1900
    Cincinnati, Ohio 45202
    Telephone: (513) 977-8659
    Facsimile: (513) 977-8141
    Email: robert.zimmerman@dinsmore.com

    **ATTORNEYS FOR THE AMTAX ENTITIES**

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 4, 2016, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system and via facsimile. Notice of this filing will be sent via U.S. Mail to all counsel not appearing on the CM/ECF system.

                                                      */s/ Steven F. Griffith, Jr.*
                                                      STEVEN F. GRIFFITH, JR.